UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA NIELSEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>UNION SECURITY INSURANCE CO., )<br>)<br>Defendant. ) | Case No. 4:12-CV-1698-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings. [ECF No. 26] The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff brings this action under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), for long term disability benefits under a plan issued to her former employer and administered by Defendant Union Security Insurance Company (USIC). Plaintiff filed a claim for long term disability benefits in January 2012. Because USIC had not rendered a decision on her claim within the time allowed under 29 C.F.R. 2560.503-1(g)(3),[1] Plaintiff filed this action on September 19, 2012. (Doc. No. 1) On September 25, 2012, USIC denied Plaintiff's claim. (Doc. No. 28-9) On October 4, 2012, Plaintiff filed an Amended Complaint. (Doc. No. 3) Plaintiff now moves for judgment on the pleadings, arguing that the appropriate remedy for resolving this matter is to remand her claim back to USIC for a full and fair review.

---

[1]The Department of Labor's Regulations require that the Claims Reviewer render a decision on a disability claim within 45 days after receiving the claim. With proper notice to the claimant, the plan may extend this initial 45-day period by 30 days, twice, allowing for a maximum of 105 days in which to render an initial claim determination. Labor Reg. § 2560.503-1(f)(3).

**Legal Standard**

In deciding a motion for judgment on the pleadings, the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." Unite Here Local 74 v. Pinnacle Entertainment, Inc., 2011 WL65934, at *2-3(E.D.Mo. Jan. 10, 2011) (quoting Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir.2004)). This is a strict standard, as "[j]udgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Id. (quoting United States v. Any and All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir.2000)). As summarized in Federal Practice and Procedure:

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice.

Id., at *3 (quoting 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1367 (3d ed. 2010)).

**Discussion**

In support of her motion, Plaintiff relies on the Eighth Circuit's decision in Seman v. FMC Corp. Ret. Plan for Hourly Employees, 334 F.3d 728 (8th Cir. 2003). In Seman, the insurer initially denied the employee's application for long term disability benefits, finding he was not disabled. Id. at 731. The employee appealed the decision, submitting new evidence. The insurer did not respond to the appeal, and, after 18 months, the employee filed suit in federal court under ERISA for wrongful denial of benefits. Id. The district court reviewed the decision to deny Seman's application for abuse of discretion and held that the insurer had not abused its discretion in finding Seman was

not disabled. Id. at 732-32. On appeal, the Eighth Circuit held the district court should have reviewed that finding de novo:

> <u>When a plan administrator fails to render any decision whatsoever on a participant's application for benefits, it leaves the courts with nothing to review under any standard of review, so the matter must be sent back to the administrator for a decision.</u> When a plan administrator denies a participant's initial application for benefits and the review panel fails to act on the participant's properly filed appeal, the administrator's decision is subject to judicial review, and the standard of review will be de novo rather than for abuse of discretion if the review panel's inaction raises serious doubts about the administrator's decision.

Id. at 733. (Emphasis added.) Plaintiff cites a number of cases that have followed and applied Seman in remanding a case to the plan administrator where the insurer/administrator failed to render a decision regarding a claimant's entitlement to benefits. See e.g., Kieft v. Am.Express Co., 451 F.Supp.2d 289, 296 (D. Mass. 2006); Pakovich v. Broadspire Services, Inc., 535 F.3d 601 (7th Cir. 2008); Shelton v. Prudential Ins. Co. of Am., 2012 WL 5300060 (W.D. Va. Oct. 25, 2012). (Doc. No. 23-2, pp. 3-4)

Although the actual benefit decision had not been made at the time Plaintiff filed her lawsuit on September 19, 2012, her claim had been denied by the time she filed her amended complaint on October 4, 2012, thereby rendering her motion seeking a remand of her claim to USIC for administration and review moot. See Gartner v. Missouri Ethics Com'n, 323 S.W.3d 439, 441 (Mo.Ct.App. 2010) (citing C.C. Dillon Co. v. City of Eureka, 12 S.W.3d 322, 325 (Mo. banc 2000) ("A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.").

In its opposition to Plaintiff's motion, USIC argues that Plaintiff's cases are inapplicable because in those cases, no benefit decision was ever made, whereas here, a decision was made, albeit after the 105th day. (Doc. No. 28, p. 5) Moreover, it is clear that when a benefit decision is made

after the 105 days provided in 29 U.S.C. § 2560.503, the claimant is entitled to proceed directly to court without exhausting administrative remedies. 29 C.F.R. § 2560.503-1(l) ("In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act . . .") (Doc. No. 28, p. 6) Plaintiff opted to pursue her remedies in this Court. That is where she finds herself today and that is where she will stay.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [26] is **DENIED**.

**IT IS FURTHER ORDERED** pursuant to this Court's Order of June 25, 2013 (Doc. No. 32) that all discovery in this matter shall be completed within thirty (30) days from the date of this order and **no later than August 23, 2013.**

Dated this 24th day of July, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE