UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA NIELSEN, | ) ) ) ) |
| Plaintiff, | ) No. 4:12-CV-1698-JAR ) |
| v. | ) ) ) |
| UNION SECURITY INSURANCE CO., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Determine the Applicable Standard of Review and Scope of the Administrative Record. (Doc. No. 36) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part.

**Background**

Plaintiff brings this action under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), for long term disability benefits under a plan issued to her former employer and administered by Defendant Union Security Insurance Company (USIC). Plaintiff filed a claim for long term disability benefits in January 2012. Because USIC had not rendered a decision on her claim within the time allowed under 29 C.F.R. 2560.503-1(g)(3), Plaintiff filed this action on September 19, 2012. (Doc. No. 1) On September 25, 2012, USIC denied Plaintiff's claim. (Doc. No. 28-9) On October 4, 2012, Plaintiff filed an Amended Complaint. (Doc. No. 3) On April 22, 2013, Plaintiff moved for judgment on the pleadings, arguing that the appropriate remedy for resolving this matter was to remand her claim back to USIC for a full and fair review. Because her benefits claim had been denied by the time she filed

1

her amended complaint, the Court found her motion seeking remand of her claim to USIC moot and denied the motion. (Doc. No. 35)

### Discussion

In her motion, Plaintiff requests the Court expand the administrative record to include her response to USIC's claim denial, and apply a de novo standard of review due to "procedural irregularities" committed by USIC. She relies on <u>Woo v. Deluxe Corp.</u>, 144 F.3d 1157, 1160 (8th Cir. 1998), *abrogated on other grounds by* <u>Metro. Life Ins. Co. v. Glenn</u>, 554 U.S. 105 (2008), which holds that de novo review of a plan administrator's decision is appropriate when the administrative record reflects a "serious procedural irregularity" that "caused a serious breach of the plan administrator's fiduciary duty." A beneficiary claiming procedural irregularities must show that the plan administrator, in the exercise of its power, acted dishonestly, acted from an improper motive, or failed to use judgment in reaching its decision. <u>Neumann v. AT & T Communications, Inc.</u>, 376 F.3d 773, 781 (8th Cir. 2004) (citing <u>Buttram v. Central States, S.E. & S.W. Areas Health & Welfare Fund</u>, 76 F.3d 896, 900 (8th Cir.1996)).

Plaintiff contends USIC's failure to issue a decision on her entitlement to benefits within the timeframe allotted by the Department of Labor's Regulations governing ERISA benefit disputes, 29 C.F.R. 2560.503-1(g)(3), constituted a procedural irregularity which deprived her of a full and fair review of her claim. In response, USIC argues that a "brief technical delay" does not rise to the level of a breach of a fiduciary obligation. (Doc. No. 41, p. 7) Principles of judicial economy dictate that the Court not address these issues in a piecemeal fashion. If Plaintiff has "material, probative evidence, beyond the mere fact of the apparent irregularity, tending to show that [USIC] breached [its] fiduciary obligation," <u>Buttram</u>, 76 F.3d at 900, then that evidence should be submitted during summary judgment briefing.

Regardless of which standard of review will ultimately apply, the Court finds good cause to expand the record to include Plaintiff's response to USIC's claim denial. The good cause inquiry turns on "whether the claimant had an opportunity to present the additional information during the administrative proceedings." Sloane v. Hartford Life & Accident Ins. Co., 475 F.3d 999, 1004 (8th Cir. 2007). See also Davidson v. Prudential Ins. Co. of Am., 953 F.2d 1093, 1095 (8th Cir.1992) (discussing factors relevant to a showing of good cause). Here, Plaintiff had no opportunity to respond to USIC's claim denial, issued *after* the complaint was filed in this matter. Given the circumstances in this case, the Court finds Plaintiff's supplemental information is necessary for an adequate review of the benefits decision.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Determine the Applicable Standard of Review and Scope of the Administrative Record [36] is **GRANTED** in part. The Court will reopen the administrative record to include Plaintiff's Letter of Appeal and exhibits attached thereto. (Doc. Nos. 37-1-13) The Court will defer consideration of the standard of review until after the parties have completed their summary judgment briefing.

**IT IS FURTHER ORDERED** on the Court's own motion that the dispositive motion deadline of November 29, 2013, be extended for an additional fourteen (14) days, up to and including **Friday, December 13, 2013.**

                                                                      **JOHN A. ROSS**
                                                                      **UNITED STATES DISTRICT JUDGE**

Dated this 13th day of November, 2013.

3